(84 South. 361)

No. 23471.

PEAVY–WILSON LUMBER CO. v. POLICE JURY OF SABINE PARISH et al.

(April 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. TAXATION ⊚═500—REVENUE FROM LICENSES, FEES, ETC., ADMISSIBLE IN ACTION TO ANNUL EXCESSIVE ASSESSMENT OF PARISH TAX.

In action to annul assessment of the 10-mill parish tax upon a higher percentage of the cash valuation of the taxable property in the parish than was required to meet the budget of expenditures, evidence as to the amount the license taxes and the fees and commissions of the sheriff, clerk of court, and assessor would yield to the general fund *held* admissible to show what revenues the parish had in addition to the ad valorem tax of 10 mills.

2. TAXATION ⊚═500, 608(5)—PARISH TAX EXCEEDING PER CENT. OF CASH VALUATION REQUIRED TO MEET BUDGET WILL BE ANNULLED.

Assessment of parish tax will be annulled in so far as it exceeds the per cent. of the cash valuation of property required to meet the budget of expenditures, and the collection of the tax on an assessment exceeding such required per cent. of cash valuation will be enjoined.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

Suit by Peavy-Wilson Lumber Company against the Police Jury of Sabine Parish and others. Judgment of dismissal, and plaintiff appeals. Judgment annulled, and judgment rendered for plaintiff.

R..A. Fraser, of Many, for appellant.

Don E. SoRelle, of Many, and W. M. Lyles, of Leesville, for appellees.

O'NIELL, J. Plaintiff appeals from a judgment dismissing this suit to annul an alleged excessive assessment of the 10-mill parish tax for the year 1918. The complaint is that the tax was assessed upon a higher percentage or the cash valuation of the taxable property in the parish than was required to meet the budget of expenditures.

Plaintiff therefore prayed for an injunction to prevent the collection of the tax upon a higher percentage of the cash valuation of plaintiff's property than was required to pay plaintiff's proportion of the estimated expenditures of the parish.

The questions presented are mainly the same that were decided to-day in the case of the Vernon Parish Lumber Co. v. J. H. Word, Assessor et al. (No. 23341) ante, p. 1068, 84 South. 358.

The cash valuation of plaintiff's property in the parish was $2,190,000. The total valuation of taxable property in the parish was $12,833,438. The budget or estimate of expenditures for the year 1918 amounted to $45,-350, exclusive of the school fund, for which 3 mills of the general tax was appropriated by law, and excluding also the road bonds fund, for which one mill of the general 10-mill tax was dedicated. There was included in the estimate of $45,350 three items marked "Special," being the salary and expenses of the sheriff, $6,500, of the clerk of court, $4,000,

and of the assessor, $3,750. There was also included a "contingent" expenditure of $10,000.

[1] The revenues other than ad valorem taxes consisted of license taxes and the fees and commissions of the sheriff, clerk of court, and assessor. The evidence showed that those sources of revenue would yield for the general fund (exclusive of the relief to the school fund and road bonds fund) $10,700. The evidence offered on that subject was objected to by defendants' counsel, on the ground that plaintiff had not, in the petition, questioned the correctness of the budget. The objection was not well founded. The purpose of the evidence was not to alter the budget, but to show what revenues the parish had in addition to the ad valorem tax of 10 mills.

Deducting the $10,700 from the estimated expenditures of $45,350, there remained $34,650 to be paid out of the avails of 6 mills of the 10-mill tax on a percentage, to be determined by the police jury, of the cash valuation of $12,833,438. The police jury adopted 60 per cent. as the basis of assessment of local taxes. The 6 mills of the 10-mill tax, on that basis, would yield a revenue of $46,194, or $11,544 more than was required for the estimated expenditures of the year. The 6-mill tax on an assessment at 45 per cent. of the valuation of $12,833,438 would yield $34,650.28, the amount required to meet the budget of expenditures.

For the reasons stated, and in accord with the opinion handed down to-day in the case of the Vernon Parish Lumber Co. v. J. H. Word, Assessor et al., No. 23341,

[2] The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the assessment of the parish tax on appellant's property be annulled in so far as it exceeds 45 per cent. of the cash valuation, and the tax collector is therefore enjoined not to collect the tax on an assessment exceeding 45 per cent. of the cash valuation of plaintiff's property.